UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER EMANUEL JAMES,

                      Plaintiff,

v.                                                  9:21-CV-0783
                                                        (BKS/CFH)

UPSTATE CORRECTIONAL FACILITY,

                      Defendant.
_____

APPEARANCES:

CHRISTOPHER EMANUEL JAMES
18-A-4676
Plaintiff, Pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.     INTRODUCTION

In July 2021, plaintiff Christopher James ("Plaintiff") commenced this action by submitting a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). The Complaint contained First Amendment claims against Upstate Correctional Facility ("Upstate C.F.") that allegedly occurred, if at all, while Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Upstate C.F. *See generally,* Compl. Plaintiff who was confined at Upstate C.F. at the time he filed the Complaint, did not pay the statutory filing fee and filed an

1

application to proceed in form pauperis.  *See id.*; Dkt. No. 2 ("IFP Application").

In a Decision and Order filed on August 12, 2021 (the "August Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Dkt. No. 4.  The Court dismissed the claims against Upstate C.F., with prejudice, as barred by the Eleventh Amendment.  *Id*.  In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint.  *Id*. at 9.

Presently before the Court is Plaintiff's Amended Complaint.  Dkt. No. 6 ("Am. Compl.").

## II.     REVIEW OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the August Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 4 at 2-4.  The Court will construe the allegations in the Amended Complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

### B.  Summary of Amended Complaint[1]

In the Amended Complaint, Plaintiff identifies a new defendant, J. Healy ("Healy"),

---

[1] The Amended Complaint includes an exhibit.  *See* Am. Compl. at 7.  To the extent that the exhibit is relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any document attached.  *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

Upstate C.F. "mailroom officer/worker."[2]  Am. Compl. at 1.  The Amended Complaint does not include any claims against Upstate C.F.[3]

On March 16, 2021, Plaintiff sent a disbursement from his inmate account to the Broome County Clerk's Office.  Am. Compl. at 4.  On April 13, 2021, Plaintiff wrote to the Broome County Clerk's Office inquiring about the filing of his documents, which pertained to a "religious corporation" entitled "the Blood of Life & the Mind of the Stone."  *Id*.  On May 13, 2021, Plaintiff received a letter, via personal mail procedures, from the Clerk's Office confirming that his request was received and the documents were filed.  *Id*.  The Clerk's Office provided a certified copy of the receipt.  *Id*.  Plaintiff alleges that "the mailroom at upstate held his religious 'legal' documents for 'over' a month & 'disregarded' constitutional rights and state procedures" and that Healy "is the mailroom officer/worker who processes 'mail' at Upstate[.]"  Am. Compl. at 5.

On July 28, 2021, Healy issued a misbehavior report charging Plaintiff with harassment, violations of facility correspondence rules, and unauthorized organization.  Compl. at 7.  Healy noted that Plaintiff attempted to forward two "inappropriate" letters to an "ORC" using the officer's first name and nickname.  *Id*.  The letters contained information related to "The Blood of Life & Mind of Stone", an unauthorized organization, not recognized as a religious group.  *Id*.

Construing the Amended Complaint liberally, Plaintiff asserts First Amendment free exercise claims and First Amendment free-flow-of-mail claims against Healy.  *See generally*,

---

[2] The Clerk of the Court is directed to add this defendant to the docket report for this action.

[3] The Clerk of the Court is directed to terminate this defendant from the docket report for this action.

Am. Compl. Plaintiff seeks monetary damages. *See id.* at 5-6.

### C. Analysis

#### 1. Free Exercise Claims

The First Amendment to the United States Constitution guarantees the right to free exercise of religion. *See* U.S. Const. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). As is true with regard to the First Amendment generally, the free exercise clause applies to prison inmates, subject to appropriate limiting factors. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (holding that "[p]risoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause" (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

To state a claim under the Free Exercise Clause of the First Amendment, an inmate "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (articulating test that inmates "must show at the threshold that the disputed conduct . . . burdens his sincerely held religious beliefs," prior to advancing to the *Turner* test and "legitimate penological interests that justify the impinging conduct"). "For a burden to be substantial, a plaintiff must demonstrate that the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith." *Booker v. Maly*, No. 9:12-CV-246 (NAM/ATB), 2014 WL 1289579, at *22 (N.D.N.Y. Mar. 31, 2014), *aff'd*, 590 Fed. App'x 82 (2d Cir. 2015) (summary order); *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (rejecting the argument that in deciding what constitutes a substantial burden, courts must "be made to decide the

number of violations of a particular religious tenet that make a sin grievous").

In this case, Plaintiff fails to identify his religion. Moreover, Plaintiff does not allege that the delay in receiving his "certified receipt" related to "documents" related to "The Blood of Life & the Mind of Stone" - an unauthorized organization, according to DOCCS, is a central tenet of his religion. Thus, the Court has no basis to plausibly infer that the alleged mail deprivation placed a substantial burden on Plaintiff's sincerely held religious beliefs. Accordingly, Plaintiff's First Amendment free exercise claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Free-Flow-of-Mail Claims

"It is well-settled that the First Amendment serves to protect the flow of information to prisoners; thus, any limitations on prisoner access to information must be reasonably related to a legitimate penological interest." *Rapp v. Barboza*, No. 9:13-CV-0599 (NAM/DEP), 2016 WL 4223974, at *7 (N.D.N.Y. July 19, 2016) (citing *inter alia Turner v. Safley*, 482 U.S. 78, 89-90 (1987)); *see also Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment."). Non-legal mail is "afforded less protection than legal mail," and "an isolated failure to mail an inmate's [non-legal] letter does not state a constitutional violation." *Edwards v. Horn*, No. 10 Civ. 6194, 2012 WL 760172, at *7 (S.D.N.Y. Mar. 8, 2012) (citations omitted). "To establish a claim for interference with regular, non-legal mail in violation of the First Amendment, an inmate 'must show a pattern and practice of interference that is not justified by any legitimate penological concern.' " *Singleton v. Williams*, No. 12-CV-2021, 2014 WL 2095024, at *3

5

(S.D.N.Y. May 20, 2014) (citation omitted); *Midalgo v. Bass*, No. 9:03-CV-1128 (NAM/RFT), 2006 WL 2795332, at *12-13 (N.D.N.Y. Sept. 26, 2006) (citations omitted).

Here, construing the Amended Complaint liberally, Plaintiff alleges that Healy "held" the receipts from the Broome County Clerk's Office in or around May 2021. Although Plaintiff referred to his mail from Broome County as "legal mail," *see* Am. Compl. at 5, "[l]egal mail [. . .] is defined, [. . .], as correspondence with attorneys, legal representatives, and legal services organizations." *See Guillory v. Ellis*, No. 9:11-CV-600 (MAD/ATB), 2014 WL 4365274, at *15 (N.D.N.Y. Aug. 29, 2014) (citing, *inter alia*, 7 NYCRR § 721.2)).

Even if the Court interprets the facts in a light most favorable to Plaintiff, the Amended Complaint fails to allege facts plausibly suggesting that Healy engaged in a pattern or practice of interfering with Plaintiff's mail. *See Thomas v. Washburn*, No. 13-CV-303V(F), 2016 WL 6791125, at *2 (W.D.N.Y. Sept. 7, 2016) (citations omitted) (holding that three incidents of alleged interference does not constitute a constitutional violation) *report and recommendation adopted*, 2016 WL 6778794 (W.D.N.Y. Nov. 16, 2016).

Accordingly, Plaintiff's First Amendment free-flow-of-mail claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

After reviewing Plaintiff's Amended Complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein, this action is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint is **DISMISSED with prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

Dated: September 22, 2021

*[signature]*
Brenda K. Sannes
U.S. District Judge